O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| SABRINA PAULA GRAZIANO,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL MOTORS LLC et al.,<br><br>    Defendants. | Case № 2:25-cv-06850-ODW (PVCx)<br><br>**ORDER GRANTING MOTION TO REMAND [15]** |

## I.  INTRODUCTION

Plaintiff Sabrina Paula Graziano brought this lemon law action against Defendant General Motors LLC in state court. (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-1.) General Motors removed the action to this Court pursuant to 28 U.S.C. § 1332. (NOR 3, Dkt. No. 1.) Graziano now moves to remand under 28 U.S.C. § 1447(c). (Mot. Remand ("Motion" or "Mot."), Dkt. No. 15.) For the following reasons, the Court **GRANTS** Graziano's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

Graziano is a resident of Bakersfield, California. (Compl. ¶ 2.) General Motors is a Delaware limited liability company with its principal place of business in Michigan. (NOR 3.)

On August 17, 2019, Graziano purchased a 2020 GMC Sierra 2500 (the "Vehicle"), which is manufactured and distributed by General Motors. (Compl. ¶¶ 6, 9.) When Graziano purchased the Vehicle, General Motors expressly warranted to maintain the utility and performance of the Vehicle and repair certain defects. (*Id.* ¶ 11.) After Graziano's purchase, the Vehicle developed defects to its window, engine, and interior trim. (*Id.* ¶ 12.) After Graziano delivered the Vehicle to General Motors's service and repair facilities, General Motors failed to service or repair the Vehicle. (*Id.* ¶¶ 13–14.) General Motors also failed to promptly replace the Vehicle or make restitution to Graziano. (*Id.* ¶ 15.)

Based on these allegations, on March 18, 2025, Graziano filed this lawsuit in state court. (Compl.) Graziano asserts, among other things, causes of action for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly") and the Magnuson-Moss Warranty Act. (*Id.* ¶¶ 8–44.) On June 23, 2025, Graziano served General Motors with initial disclosures, including the Vehicle's Retail Installment Sales Contract ("Sales Agreement") and some repair orders. (Decl. Theodore G. Lee ISO Opp'n ("Lee Decl.") ¶ 2, Dkt. No. 16-1; *see id.* Ex. A ("Initial Disclosures Letter"), Dkt. No. 16-2.) The Sales Agreement identified that the price of the Vehicle was $90,799.40. (Decl. Michelle Yang ISO Mot. ("Yang Decl.") ¶ 7, Dkt. No. 15-1; *see id.* Ex. 2 ("Sales Agreement"), Dkt. No. 15-3.) The disclosures did not include financing payment history. (Lee Decl. ¶ 4–5.) On July 25, 2025, after conducting a preliminary investigation, General Motors removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1446. (NOR 2–3.) Graziano now moves to remand the case. (Mot. 3.)

2

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

## IV. DISCUSSION

Graziano moves to remand on the grounds that General Motors removed untimely under 28 U.S.C. § 1446. (Mot. 1.) General Motors argues that it timely removed the action because neither the complaint nor another document established the amount in controversy nor diversity of citizenship, and thus removal was not triggered under 28 U.S.C. § 1446(b). (Opp'n 1, Dkt. No. 19-1.)[2]

---

[2] On August 29, 2025, General Motors filed its opposition to Plaintiffs Motion. (Original Opp'n, Dkt. No. 16.) General Motors's opposition brief was image-only and unsearchable, which violates the Local Rules. *See* C.D. Cal. L.R. 5-4.3.1. On September 8, 2025—the deadline for Graziano's reply brief—General Motors filed a Notice of Errata stating that it "erroneously uploaded [the

Section 1446(b) identifies two thirty-day periods for removing a case. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)). The removal clock under the second pathway starts only if the amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093–94 (9th Cir. 2021). The Ninth Circuit has held that a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). However, "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant." *Id.* at 1126 (citation modified). When a defendant removes outside of the two thirty-day periods, the defendant must remove "within one year of the commencement of the action." *Id.* (citing 28 U.S.C. § 1446(c)(1)).

## A. First Thirty-Day Removal Period

Here, Graziano's Complaint did not trigger the first thirty-day removal period because it does not state the amount in controversy. (*See generally* Compl.) Indeed, Graziano concedes that her Complaint "does not allege a specific monetary relief."

---

incorrect document as to" its original opposition brief. (Notice Errata, Dkt. No. 19.) The Notice of Errata attached the amended, PDF-searchable, opposition brief. (Opp'n.) The Court undertook its own analysis of whether there were any substantive changes between the original brief and the amended opposition brief, finding only minor stylistic changes. Thus, after finding that General Motors's late-filed opposition brief complies with the Local Rules and does not prejudice Graziano, the Court accepts the amended opposition brief and disregards the original brief.

(Mot. 6.) Although Graziano points to her request for restitution, civil penalties, and attorneys' fees, (*id.* at 5–7), merely stating the type of relief sought fails to plausibly establish the amount in controversy, *see, e.g.*, *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where the defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative" and "not adequately supported by the facts and evidence"); *D'Amico v. Ford Motor Co.*, No. 2:20-cv-2985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (finding that the defendant's failure to explain the amount of attorneys' fees sought made the fees too speculative to be included in calculating the amount in controversy).

Graziano also argues that the Complaint states the amount in controversy because "the claim was . . . brought under the state court's unlimited jurisdiction." (Mot. 6.) However, bringing a claim under the state court's unlimited jurisdiction does not sufficiently demonstrate the amount in controversy. *See Morales v. Ford Motor Co.*, No. 2:23-cv-03590-MCS (SKx), 2023 WL 4085976, at *1 (C.D. Cal. June 20, 2023) (finding that the "complaint's invocation of the superior court's unlimited jurisdiction," without specifying the total damages sought, does not demonstrate that the amount in controversy exceeds $75,000).

Furthermore, Graziano argues that General Motors should have had, "at a minimum, a rudimentary understanding or ability to ascertain an approximation" of its own Vehicle. (Mot. 6.) However, General Motors's ability to independently inquire into the Vehicle's value does not trigger its duty to remove. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[R]emovability . . . is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make further inquiry."). Therefore, Graziano's Complaint is indeterminate as to the amount in controversy and did not trigger the first thirty-day removal deadline.

### B. Second Thirty-Day Removal Period

Although Graziano's Complaint did not trigger the first thirty-day removal period, Graziano's initial disclosures triggered the second thirty-day removal period. The initial disclosures, consisting of the Sales Agreement and various repair orders, made the amount in controversy "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1093–94. The Sales Agreement indicated the Vehicle's total cash price—$90,799.40. (Sales Agreement.) The repair orders indicated mileage use that led to, at most, $3,025.89 in offsets. (*See* NOR 5.) With this information, General Motors had enough to calculate the amount-in-controversy, which yields a total over $75,000. *See Morales*, 2023 WL 4085976, at *2 (finding that actual damages under Song-Beverly can equal just the total cash price minus the value attributed to the buyer's use). Thus, General Motors's second thirty-day removal period did trigger when Graziano served her initial disclosures.

General Motors fails to rebut this and show why Graziano's initial disclosures did not make the amount in controversy "unequivocally clear and certain. *See Corral*, 878 F.3d at 773 (placing the burden of demonstrating proper removal on the removing party). First, General Motors claims that it could not calculate the mileage offset, despite Graziano producing the repair orders. (Opp'n 17; Lee Decl. ¶ 2.) General Motors asserts that the repair orders did not provide enough information for it to calculate the mileage offset. (Opp'n 17–18.) However, General Motors has the "burden of establishing that removal is proper," *Gaus*, 980 F.2d at 566, but it does not "provide the Court with the repair orders it received," *Galaviz v. Gen. Motors, LLC*, No. 2:25-cv-07039-JLS (MARx), 2025 WL 3022665, at *3 (C.D. Cal. Oct. 28, 2025). Consequently, the Court cannot determine whether the repair orders were so ambiguous as to prevent General Motors from calculating the mileage offset. *See Penaloza v. Gen. Motors LLC*, No. 2:25-cv-06831-WLH (JCx), 2025 WL 2701875, at *3 (C.D. Cal. Sept. 23, 2025) ("Had Defendant identified what specific information was absent . . . such as repair orders . . . which rendered it impossible to calculate

actual damages . . . the Court might be persuaded." (emphasis omitted)). General Motors further argues that it could not identify which repair orders were relevant to calculate the mileage offset. (Opp'n 6.) This argument is unavailing. Graziano sent General Motors the repair orders thirty-two days prior to removal, stating at the time that she was "unaware of any [additional presentations] at this time." (Lee Decl. ¶¶ 2–3 (alteration in original).) This is ample information to calculate the mileage offset, as General Motors could, and should, have calculated mileage offset based on the mileage reading closest in time to Plaintiff's claim. *See, e.g.*, *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) ("[A] repair order reflecting the mileage on a vehicle at the time of a plaintiff's first warrantable claim . . . is 'sufficient to establish a mileage estimate.'").

Second, General Motors argues that the Sales Agreement does not indicate the value of unpaid financing. (Opp'n 18.) As an initial matter, courts have held that while financing history can be used to calculate amount-in-controversy, the total cash price of the vehicle, minus any mileage offset, is sufficient to establish diversity jurisdiction. *See, e.g.*, *Morales*, 2023 WL 4085976, at *2. Moreover, neither Graziano nor General Motors "offers any evidence regarding how much interest has been paid or has yet to accrue." *Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 WL 1239347, at *3 (N.D. Cal. Apr. 27, 2022). "In such circumstances, courts have found that the total cash price" can adequately represent the amount of actual damages. *Id.* But more importantly, General Motors has not met its burden of showing why the lack of financing history rendered it unable to determine that amount in controversy. General Motors complains that Graziano did not serve her financing history, but does not cite any authority standing for the proposition that failure to serve such history renders amount in controversy unclear and uncertain as a matter of law. Nor does General Motors even try to use the evidence that has been produced to make the case that, had it been served financing history, it would have been certain of amount in controversy. Thus, General Motors does not meet its burden and the Court

is not persuaded that Graziano's failure to produce financing history was relevant to determining the threshold amount in controversy. *See Gaus*, 980 F.2d at 566.

Accordingly, the Court finds that Graziano's initial disclosures, including the repair orders and the Sales Agreement that indicated the total cash price of the Vehicle provided a "clear and certain" basis to calculate the amount in controversy, and that General Motors fails to prove otherwise. *Dietrich*, 14 F.4th at 1093–94; *see Corral*, 878 F.3d at 773. Thus, Graziano's initial disclosures, served on June 23, 2025, (Lee Decl. ¶ 2), triggered the second thirty-day removal period under 28 U.S.C. § 1446(b). As General Motors removed on July 25, 2025, thirty-two days after receiving the initial disclosures, its removal was untimely. However, the Court declines Graziano's request to award attorneys' fees, (Mot. 9–10), because General Motors did not lack "an objectively reasonable basis for seeking removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

## C. Citizenship

Finally, General Motors argues that Graziano's citizenship was indeterminate at all times and triggered neither the first nor the second thirty-day removal period. (Opp'n 15–16.) Specifically, it argues that Graziano's assertion that she resides in California is insufficient because she is silent on her intent to remain and her California citizenship. (*Id.* at 16 (citing Compl. ¶ 2).) However, "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). Courts in this district routinely find that diversity of citizenship is clear if there is an allegation of residency. *See, e.g.*, *Hernandez v. Nissan N. Am., Inc.*, No. 8:25-cv-00276-FWS (ADSx), 2025 WL 914758, at *3 (C.D. Cal. Mar. 26, 2025) (collecting cases). General Motors even relies, in part, on Graziano's assertion of California residency to establish diversity of citizenship. (*See* NOR 3.) Thus, the Court is not persuaded that citizenship was indeterminate on the face of the pleadings and declines to find that allegation of residency alone did not trigger either removal period.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Graziano's Motion to Remand, (Dkt. No. 15), and **REMANDS** this case to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 25STCV07778. All dates are hereby **VACATED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 26, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**